**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| AFSHIN BAHRAMPOUR, | Case No. 2:15–cv–1548–LDG–VCF |
| Plaintiff, | **ORDER AND** <br> **REPORT & RECOMMENDATION** |
| vs. | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1) |
| JOINT CHIEFS OF UNFAITH, *et al.*, | COMPLAINT (#1-1) <br> MOTION FOR SERVICE OF SUMMONS (#2) |
| Defendants. | MOTION FOR APPOINTMENT OF COUNSEL (#3) |

This matter involves Afshin Bahrampour's civil-right action against the Joint Chiefs of Unfaith, Barack Obama, N.A.S.A., the Central Intelligence Agency, the U.S. Navy, the National Security Administration, Independent Agencies, and the United States of America, among others. *See generally* (Compl. #1-1[1]). Before the court is Mr. Bahrampour's Application to Proceed *In Forma Pauperis*, Complaint, Motion for Service of Summons, and Motion for Appointment of Counsel. For the reasons stated below, Mr. Bahrampour's Application to Proceed *In Forma Pauperis* is granted, his complaint should be dismissed with prejudice, and his Motion for Service and for Appointment of Counsel are denied as moot.

**I.**   ***In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under

---

[1] Parenthetical citations refer to the court's docket.

1

28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Bahrampour's Application to Proceed *In Forma Pauperis* states that he is incarcerated and has $33.26 in his inmate account. Accordingly, Mr. Bahrampour's Application to Proceed *In Forma Pauperis* is granted.

## II.     Section 1915(e) Screening

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to section 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Section 1915 was enacted to conserve judicial resources by empower courts to dismiss actions, "which fall somewhere between the frivolous and the farcical and so foster disrespect for our laws." *Crawford-El v. Britton*, 523 U.S. 574, 601 (1998) (Kennedy, J., concurring).

Mr. Bahrampour's complaint falls within section 1915's purview. Relying on Romans 1:18–23, Mr. Bahrampour alleges that various government agencies, including the Joint Chiefs of Unfaith, have conspired to spy on American citizens in violation of the Fourth Amendment. Mr. Bahrampour's complaint should be dismissed.[2]

---

[2] The court recently recommended dismissing a similar complaint in *Bahrampour v. United States*, 15-cv-1194-MMD-VCF.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mr. Bahrampour's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that Mr. Bahrampour's Motion for Service (#2) is DENIED.

IT IS FURTHER ORDERED that Mr. Bahrampour's Motion for Appointment of Counsel (#3) is DENIED.

IT IS RECOMMENDED that Mr. Bahrampour's Complaint (#1-1) be DISMISSED with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

/// /// ///

/// /// ///

/// /// ///

DATED this 17th day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE