**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

AFSHIN BAHRAMPOUR,

        Plaintiff,

vs.

JOINT CHIEFS OF UNFAITH, *et al.*,

        Defendants.

Case No. 2:15–cv–1548–LDG–VCF

**ORDER**

      This matter involves Mr. Bahrampour's civil action against "Joint Chiefs of Unfaith," NASA, Barack Obama, and others. The action was commenced on August 12, 2015. The court reviewed Mr. Bahrampour's complaint under 28 U.S.C. 1915(a) and recommended that it be dismissed with prejudice. Since that time, Mr. Bahrampour has filed 20 motions. The court now orders Mr. Bahrampour to show cause why he should not be declared a vexatious litigant.

## LEGAL STANDARD

      A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).

      The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant

order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

Finally, a pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). A pre-filing order is overbroad if it prevents the litigant from filing any suit in the court, or applies to a suit against anyone when the record showed the plaintiff was litigious with respect to only one group of defendants. *Id*. at 1061. Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056.

## DISCUSSION

In approximately one month, Mr. Bahrampour has filed 20 frivolous motions. Each asserts that the government is led by a fictitious entity known as the "Joint Chiefs of Unfaith," which is engaged in a mind-control conspiracy in which people's brains are controlled by government and shared for common use in a "communist" fashion. His motions are supported by quotations from Napoleon Bonaparte, Billy Graham, and others. Certain passages are written in verse. He has event submitted amicus briefs on behalf of his proposed Defendant, the United States of America.

Therefore, the court orders Mr. Bahrampour to show cause why he should not be declared a vexatious litigant by September 28, 2015. Failure to show cause why he is not a vexatious litigant will result in an order from the district judge that he be declared a vexatious litigant.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mr. Bahrampour to SHOW CAUSE why he should not be declared a vexatious litigant by September 28, 2015. Failure to show cause why he is not a vexatious litigant will result in a recommendation to the district judge that he be declared a vexatious litigant.

IT IS FURTHER ORDERED that Mr. Bahrampour Motion for an Injunction (#24) is DENIED.

IT IS FURTHER ORDERED that Mr. Bahrampour Motion (#25) is DENIED.

IT IS FURTHER ORDERED that Mr. Bahrampour Motion (#26) is DENIED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 18th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE